UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

| | |
|---|---|
| TAMMY BERERA, Individually, and on behalf of others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Civil Case No. 16-cv-164-JMH |
| vs. | )<br>) **MEMORANDUM OPINION AND ORDER**<br>) |
| UNITED STATES OF AMERICA, et al., | )<br>)<br>) |
| Defendants. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the Mesa Defendants' and Plaintiffs' Joint Motion to Lift Stay for Limited Purpose of Determining that Notice is Not Required [DE 39]. The United States did not object or otherwise respond.

Fed. R. Civ. P. 23(e) states that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23. The language of Rule 23(3) changed in 2003, removing the reference generally to dismissal or compromise of "members of a class" and now refers to a "certified class." The parties correctly note there has not been a Sixth Circuit Court of Appeals case involving settlement of an individual named plaintiff's claims prior to a motion for class certification since the 2003 revision to Rule 23(e). The primary Sixth Circuit case

1

to address this issue prior to the amendment to Rule 23(e) was *Doe v. Lexington-Fayette Urban County Government*, 407 F.3d 755, 762 (6th Cir. 2005). In the three cases in which this issue has been presented to district courts in the Sixth Circuit since the Rule 23(e) amendment, the Southern District of Ohio has utilized the *Doe* analysis, despite the fact *Doe* relied on the prior version of Rule 23(e). *See Eastham v. Chesapeake Appalachia*, LLC, 2013 WL 4776701 (S.D. Ohio, September 6, 2013); *In re Behr Dayton Thermal Products, LLC*, 2012 WL 559913 (S.D. Ohio, February 21, 2012); and *Coston v. Petro*, 398 F. Supp. 2d 878, 880 (S.D. Ohio 2005).

The undersigned holds, however, that the *Doe* analysis is inapplicable after the 2003 amendment to Rule 23(e)(1)(A) because the plain language of the Rule clarifies that it only applies to a *certified* class, not a putative class. In addition, the advisory committee's note to the 2003 amendment to subdivision (e) states that the change to

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be—and at times was—read to require court approval of settlements with putative class representative that resolved only individual claims. See Manual for Complex Litigation Third, § 30.41. The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.

Fed. R. Civ. P. 23(e)(1)(A) advisory committee's note to 2003 amendment.

In this case there has been no motion to certify a class and Rule 23(e)(1)(A) does not require notice to the putative class members; thus, no further analysis is required.[1] Accordingly, and for the reasons stated herein, **IT IS ORDERED**:

(1) That the Joint Motion to Lift Stay for the Limited Purpose of Determining that Notice is Not Required [DE 39] is **GRANTED**;

(2) That notice to the putative class members of the potential settlement between Tammy Berera and the Mesa Defendants is **NOT REQUIRED**;

(3) That Plaintiff Tammy Berera and the Mesa Defendants **SHALL FILE** a joint status report on the progress of settlement negotiations or an agreed order of dismissal within 14 days of the date of this Order; and

(4) That Plaintiff Tammy Berera and the United States **SHALL FILE** joint or separate status reports within 30 days of the date of this Order, informing the Court of whether the settlement between Berera and the Mesa Defendants

---

[1] The Court notes that the outcome would not change if the factors in *Doe* were applied in this case because there has been no publicity about Plaintiff's claims that might cause a putative class member to rely on the tolling of the statute of limitations to protect his interest, nor is there any evidence of collusion between the parties to harm the putative class members. Furthermore, Plaintiffs' counsel represented to the Court that the few putative class members who contacted his law firm were given the opportunity to join in the lawsuit [DE 39 p. 4].

(if any) impacts the claims against the United States or its pending Motion at DE 29, and, if so, how the parties intend to proceed in this matter.

This the 11th day of May, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge